# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TURNER & ASSOCIATES, P.A.                                                                                      PLAINTIFF

v.                                                       No. 4:15CV00602 JLH

WAYNE E. FERRELL, JR.                                                                                           DEFENDANT

## OPINION AND ORDER

This is a fee dispute among plaintiffs' lawyers. A previously filed action involving the same parties and the same fee dispute is pending in the United States District Court for the Southern District of Mississippi, Northern Division, No. 3:15CV0657 HTW-LRA ("the Southern Mississippi Case"). Turner & Associates, P.A.,[1] commenced the instant action against Wayne E. Ferrell, Jr., in the Circuit Court of Pulaski County, Arkansas, alleging that Ferrell breached a fee-split agreement by failing to pay his share of the expenses. Ferrell removed the action to this Court because the parties are citizens of different states and the amount in controversy exceeds $75,000. After the action was removed, Turner & Associates filed a motion for partial summary judgment. Ferrell filed a motion to dismiss for lack of personal jurisdiction and for forum nonconveniens or, in the alternative, to transfer the case to the Southern District of Mississippi, Northern Division. For reasons that will be explained, this action will be transferred to the Southern District of Mississippi, Northern Division.

Turner & Associates is a law firm with offices in North Little Rock, Arkansas. The sole shareholder is Clyde T. (Tab) Turner, who is a citizen and resident of the State of Florida. Document #12-1 at 1. Turner & Associates operates offices in San Diego, Dallas, and Missouri, as

---

[1] There is no entity "Turner & Associates, P.A." The entity is Clyde Tab Turner, P.A., which does business as Turner & Associates, P.A. Document #22-5 at 3.

well as in Little Rock. Document #22-5 at 3. Turner spends very little time in North Little Rock, "generally no more than a few days a year." *Id.*

Ferrell is a lawyer in Jackson, Mississippi. Document #14-4. Ferrell and three other Mississippi lawyers represented Gregory Cole, Individually and as Administrator for the Estate of Brian Cole, in a wrongful death action against Ford Motor Company in the Circuit Court of Jackson County, Mississippi. Document #14-1. In 2004, Ferrell and his associates traveled from Mississippi to Arkansas to meet with Turner at the Turner & Associates offices in North Little Rock to request that Turner assume responsibility over the litigation in Mississippi. Document #12-1 at 2. An agreement was reached, and on October 29, 2004, Ferrell wrote Turner and the three other Mississippi lawyers to confirm their new fee-split agreement. Document #12-2. The new fee-split agreement provided for each lawyer to receive a specified percentage of any fees recovered and for each lawyer to pay expenses in that same percentage. *Id*.

In September 2010, a jury returned a verdict in favor of the Cole family for a large amount actual damages and answered "yes" to the question of whether punitive damages should be awarded. Document #12-3 at 2. Before submitting punitive damages to the jury in a second phase of the trial, the Cole family and Ford Motor Company engaged in a court-ordered mediation in Jackson, Mississippi. Document #14-2 at 6, ¶17. The mediation resulted in a confidential settlement. Document #12-3 at 2.

On April 22, 2015, Ferrell and two of the other Mississippi lawyers commenced an action in the Circuit Court of Hinds County, Mississippi, against Turner and Turner & Associates, alleging that Turner had engaged in a scheme to deprive them of their share of the fees. Document #14-2. The complaint also named First Commercial Bank, where some of the proceeds from the settlement

had been deposited pending resolution of a fee dispute.[2]  Southern Mississippi Case Document #1-1 at 11.  The summons and complaint were served on First Commercial Bank in Jackson, Mississippi, on June 17, 2015.  Southern Mississippi Case Document #1-1 at 40-41.  On the following day, June 18, 2015, Turner & Associates commenced this action in the Circuit Court of Pulaski County, Arkansas.  Document #2 at 1.  On July 6, 2015, the summons issued by the Circuit Court of Hinds County, Mississippi, and complaint in that action were served on a person named Jennifer Robertson, apparently at the address of Turner & Associates' address in North Little Rock.  Southern Mississippi Case Document #1-1 at 72-75.  Additional efforts were made to serve the Mississippi summons and complaint on Turner and Turner & Associates, this time by certified mail, for which a person named Judi Dietz signed on July 10, 2015.  Southern Mississippi Case Document #1-1 at 78-92.  On August 14, 2015, the Circuit Clerk of Hinds County entered default against Turner and Turner & Associates.  Document #14-3.  On August 27, 2015, Turner moved to set aside the entry of default.  Southern Mississippi Case Document #1-1 at 140.  On September 2, 2015, First Commercial Bank was dismissed from the action pending in Hinds County.  In the instant action, summons and complaint were served on Ferrell on September 4, 2015.  Document #1 at 2 ¶3.  On September 8, 2015, Turner and Turner & Associates removed the action pending in Hinds County to the Southern District of Mississippi, Northern Division.  Southern Mississippi Case Document #1.  On September 28, 2015, Ferrell removed the instant action to this Court.  Document #1.

---

[2] The Cole family brought an action in the Circuit Court of Lauderdale County, Mississippi, alleging that as a part of the mediated settlement, the lawyers agreed to reduce their contingency fee from 50% to 40%.  Document #22-3.  The disputed amount was deposited into an account at First Commercial Bank.

As noted, Turner & Associates has filed a motion for partial summary judgment in this case, while Ferrell has filed a motion to dismiss for lack of personal jurisdiction, to dismiss for forum nonconveniens, or in the alternative to transfer to the Southern District of Mississippi.

Twenty-eight U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

A federal district court can transfer an action to another district that has personal jurisdiction over the defendant and where venue lies, even if the district court in which the action was originally filed lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962).

Two contracts are relevant to this dispute – the contract between the Cole family and the attorneys who represented them and the fee-split agreement between the attorneys. All of the parties to both contracts are residents of Mississippi, except Turner, who is a citizen and resident of Florida.[3] The litigation took place in Mississippi. The mediation was conducted in Mississippi. Nearly all of the witnesses are, therefore, likely to be located in Mississippi.

In considering the interests of justice, it is important that the case in Mississippi was filed first. Judge P.K. Holmes has explained:

> The "first to file" or "first-filed" rule is a facet of federal comity doctrine intended to "promote efficient use of judicial resources." *Orthmann v. Apple River Campground, Inc*., 765 F.2d 119, 121 (8th Cir. 1985). The first-filed rule may be

---

[3] As Ferrell points out, the fee-split agreement was signed by Tab Turner. It does not appear that Turner & Associates was a party to the agreement. Even if Turner & Associates is deemed a party to the fee-split agreement, however, that fact would not change the decision of the Court to transfer this action to the Southern District of Mississippi.

> used to transfer a case from one federal district court to another when parallel litigation is proceeding concurrently before them. *Midwest Motor Express, Inc. v. Cent. States Se. and Sw. Areas Pension Fund*, 70 F.3d 1014, 1017 (8th Cir. 1995). Parallel litigation is litigation involving the same parties and embracing the same issues. *Orthmann*, 765 F.2d at 121. If both courts have personal jurisdiction and subject matter jurisdiction over the parties and claims, the first-filed rule indicates that "the court in which jurisdiction first attached should proceed to adjudicate the controversy." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir.1993). This rule is not applied in a "rigid, mechanical, or inflexible" fashion, but "in a manner best serving the interests of justice." *Id.* at 1005 (citing *Orthmann*, 765 F.2d at 121). If compelling circumstances exist, the court which obtained jurisdiction later may decide the controversy. *Id.*

*Welsher v. Frito-Lay of North America, Inc.*, No. 5:14CV5154, 2014 WL 7331017, at *1 (W.D. Ark. Dec. 19, 2014). *See also Ralcorp Holdings, Inc. v. Frito-Lay of North America, Inc.*, No. 1:12CV00018, 2012 WL 933137 (E.D. Ark. March 20, 2012).

Here, the Mississippi action was filed first, so the Southern District of Mississippi has priority. Furthermore, this case involves a Florida citizen who represented citizens of Mississippi in litigation in Mississippi as co-counsel with Mississippi lawyers with whom he has a fee dispute. The interests of justice dictate that this action be transferred to Mississippi.

## CONCLUSION

For the reasons stated, this action is transferred to the United States District Court for the Southern District of Mississippi, Northern Division.

IT IS SO ORDERED this 13th day of November, 2015.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE